DONIGAN v OAKLAND COUNTY ELECTION COMMISSION

Docket No. 284909. Submitted May 13, 2008, at Detroit. Decided May 15,
2008, at 9:15 a.m.

> The Oakland County Election Commission approved language in a
> petition seeking the recall of Marie Donigan, the State Represen-
> tative from the 26th House District, that listed as the reason for
> the recall Donigan's favorable votes on HB 5194 and HB 5198 of
> 2007, which, respectively, increased the income tax and imposed a
> new tax on certain services. Donigan then filed an action in the
> Oakland Circuit Court challenging the decision of the commission.
> The court, Shalina Kumar, J., granted Donigan's motion for
> summary disposition, holding that the language of the petition was
> not sufficiently clear to satisfy the clarity requirement of MCL
> 168.952(1)(c) because it did not fully explain the nature and effect
> of the House bills. The election commission appealed by delayed
> application for leave to appeal granted.

> The Court of Appeals *held*:

> The petition's language clearly states the reason for the recall.
> The language is sufficiently clear. The truthfulness of the peti-
> tion's statements and whether the language of the petition suffi-
> ciently explains the nature of any legislation referred to within it
> are political questions to be considered by the voters, not by the
> courts. The circuit court erred in failing to uphold the election
> commission's approval of the petition language.

> Reversed.

1. PUBLIC OFFICERS — RECALL PETITIONS.

> The statutory requirement that a petition for the recall of an
> officeholder state clearly each reason for the recall does not
> require a meticulous and detailed statement of the charges against
> the officeholder and is satisfied where each reason for the recall
> stated in the petition is of sufficient clarity to enable the office-
> holder and the electors to identify the course of conduct that is the
> basis for the recall; doubt should be resolved in favor of the person
> formulating the petition where the clarity of the reasons stated in
> the petition is a close question (MCL 168.952[1][c], [3]).

2. PUBLIC OFFICERS — RECALL PETITIONS.

> Truth itself is not a consideration in determining the clarity of recall petition language; the truthfulness of a petition's statements and whether the language of a petition sufficiently explains the nature of any legislation referred to within it are political questions to be considered by the voters, not the courts (MCL 168.952[1][c], [3]).

*Sachs Waldman, Professional Corporation* (by *Mary Ellen Gurewitz*), for the plaintiff.

*Vandeveer Garzia* (by *John J. Lynch* and *Christian E. Hildebrandt*) for the defendant.

Before: FITZGERALD, P.J., and CAVANAGH and DONOFRIO, JJ.

PER CURIAM. Defendant, Oakland County Election Commission, appeals by delayed application for leave to appeal granted the circuit court order granting summary disposition in favor of plaintiff, Marie Donigan, the State Representative from the 26th House District, and declaring the language of a recall petition insufficiently clear pursuant to MCL 168.952(1)(c). We reverse.

Defendant received a petition seeking to recall plaintiff. The petition states the reasons for plaintiff's recall as: "Voted yes on 2007 House Bill 5194 to increase the income tax to 4.35 percent, and voted yes on 2007 House Bill 5198 to impose new 6 percent taxes on certain services."

Under MCL 168.952(1)(c), a petition for the recall of an officer shall "[s]tate clearly each reason for the recall. Each reason for the recall shall be based upon the officer's conduct during his or her current term of office." The petition was submitted to defendant, MCL 168.952(2), and defendant met pursuant to MCL 168.952(3) to determine whether each reason for the

recall stated in the petition is of sufficient clarity to enable the officer whose recall is sought and the electors to identify the course of conduct that is the basis for the recall. Defendant, by a divided vote, approved the petition language.

Plaintiff thereafter filed the present action challenging defendant's decision. Plaintiff moved for summary disposition, arguing that the petition language is not sufficiently clear, and raising a constitutional challenge to MCL 168.23(1) and MCL 168.952.[1] The circuit court granted plaintiff's motion, ruling that the language in the petition is not sufficiently clear and does not satisfy the clarity requirement of MCL 168.952(1)(c) because it does not refer to the subject bills in their entirety or inform the electors of the specific vote on the bills and the specific outcome. The court opined that the petition must include "enough language to give the electors enough information about what was actually voted on to give them the ability to make an informed decision about the recall petition."

Defendant argues that the circuit court erred by concluding that the language of the petition is not sufficiently clear under MCL 168.952(1)(c). This Court reviews de novo both the circuit court's decision on plaintiff's motion for summary disposition and its construction of MCL 168.952(3). *Goldstone v Bloomfield Twp Pub Library*, 479 Mich 554, 558; 737 NW2d 476

---

[1] Plaintiff argues that this matter should be remanded to the trial court to resolve the constitutional issue. Although this Court may address constitutional issues that the trial court did not resolve, *Great Lakes Div of Nat'l Steel Corp v Ecorse*, 227 Mich App 379, 426; 576 NW2d 667 (1998), we decline to address the issue at this juncture. Plaintiff is free to pursue the issue in the trial court. Further, the issue is pending before this Court in two consolidated appeals, *Bogeart v Wayne Co Election Comm* (Docket No. 284098), and *Hett v Wayne Co Election Comm* (Docket No. 284101).

(2007); *South Haven v Van Buren Co Bd of Comm'rs*, 478 Mich 518, 525; 734 NW2d 533 (2007).

The standard to be applied when reviewing the clarity of a petition for recall is set forth in *Dimas v Macomb Co Election Comm*, 248 Mich App 624, 627-628; 639 NW2d 850 (2001):

> The standard of review for clarity of recall petitions has been described as both "lenient," and "very lenient." "Thus, recall review by the courts should be very, very limited." A meticulous and detailed statement of the charges against an officeholder is not required. It is sufficient if an officeholder is apprised of the course of conduct in office that is the basis of the recall drive, so that a defense can be mounted regarding that conduct. "Where the clarity of the reasons stated in the petition is a close question, doubt should be resolved in favor of the individual formulating the petition." [Citations omitted.]

"All that is required is that the reason for recall be stated with sufficient clarity 'to enable the officer and electors to identify the transaction and know the charges made in connection therewith.' " *Mastin v Oakland Co Elections Comm*, 128 Mich App 789, 795; 341 NW2d 797 (1983), quoting *Woods v Saginaw Co Clerk*, 80 Mich App 596, 598-599; 264 NW2d 74 (1978).

The circuit court determined that the language of the instant petition is not sufficiently clear because it does not fully explain the nature and effect of the bills at issue. This is not a basis for finding the language unclear. The language clearly states the basis for the recall: plaintiff's votes on two House bills. In challenging the language as not sufficiently clear, plaintiff seems to suggest that the way the petition language is framed in this case either untruthfully represents the bills or at least fails to provide a complete synopsis of the bills. However, "truth itself is not a consideration in determining the clarity of recall petition language." *Mastin*,

*supra* at 798. The circuit court does not have authority to review petition statements for truthfulness. *Meyers v Patchkowski*, 216 Mich App 513, 518; 549 NW2d 602 (1996). "Such a determination is a political question for the voters, not the courts." *Id*. See also Const 1963, art 2, § 8 (the sufficiency of any statement of reasons or grounds procedurally required shall be a political rather than a judicial question). This same principle applies with regard to whether the language of the petition sufficiently explains the nature of any legislation referred to within it. Whether HB 5194 simply increased the income tax rate, whether HB 5198 imposed a new tax on services, or whether those bills imposed some additional or different measures, are political questions to be considered by the voters, not by the court.

In *In re Wayne Co Election Comm*, 150 Mich App 427, 438; 388 NW2d 707 (1986), this Court explained:

> [D]oubt as to clarity should be resolved in favor of the proponents of the recall. Moreover, if any one of several allegations contained in the petition is deemed to be sufficiently clear, the petition must be upheld. The foregoing rules demonstrate that the standard of review for clarity of statement is very lenient. [Citations omitted.]

In *Schmidt v Genesee Co Clerk*, 127 Mich App 694, 699; 339 NW2d 526 (1983), the Court offered this reflection by a commentator who approved of the judicial restraint demonstrated by the majority when reviewing the clarity of recall-petition language in *Molitor v Miller*, 102 Mich App 344; 301 NW2d 532 (1980):

> "Overall, the decision [to exercise judicial restraint] is correct from the standpoint that quite often laymen are required to draft recall petitions. To require technical detail in the statement of charges would be too burdensome and could defeat the purpose of the recall statute. The Michigan constitution reserves the power of recall to the

people. Courts should not, and generally do not, interfere with this basic right. To require meticulous and technically detailed statements of the charges in recall petitions would in effect thrust the courts into reviewing every recall petition, thereby usurping the power of the people." [*Schmidt, supra* at 699, quoting Berry, *Local Government Law*, 28 Wayne L R 979, 984 (1982).]

Keeping in mind the limitation on our review of the petition language, we conclude that the language of the recall petition submitted to defendant for approval is sufficiently clear. The petition specifically identifies plaintiff's favorable votes regarding two House bills as the reasons recall was sought. The language specifically identifies the House bills and indicates that one of the bills increases taxes and one imposes new taxes. Whether the representations of those bills are truthful or complete is irrelevant for purposes of determining the clarity of the language. The petition language is concise and clear, and meets the requirements of MCL 168.952(1)(3). The circuit court erred by failing to uphold defendant's approval of the petition language.

Reversed.