# STATE OF MICHIGAN

# COURT OF APPEALS

JEREMY HOOKER,

      Appellee,

v

BRENDA M. MOORE,

      Appellant.

FOR PUBLICATION
December 11, 2018
9:05 a.m.

No. 343334
Board of State Canvassers

Before: BOONSTRA, P.J., and JANSEN and GADOLA, JJ.

GADOLA, J.

Appellant, Brenda M. Moore, appeals as of right the determination of the Board of State Canvassers (the Board) that the petition for recall submitted by appellee, Jeremy Hooker, complied with the requirements of MCL 168.951a(1)(c). Because we conclude that the petition for recall met the requirements of that statutory section, we affirm.

## I. FACTS

Appellant has been serving as the Muskegon County Drain Commissioner since November 2013. She asserts that in her capacity as drain commissioner she has overseen 18 petitions for drainage projects. According to appellant, with regard to each project she complied with the applicable laws by referring each project to engineers to determine the most cost-effective option, then submitted each project for bids and accepted the lowest bid for each project.

On March 16, 2018, appellee submitted a petition for the recall of appellant to the Secretary of State. The petition stated the following reason for the proposed recall: "Muskegon County Drain Commissioner, Brenda Moore, elected to undertake the broadest scopes of work and most expensive options proposed by her engineers for each project assessed during her current term in office, when less expensive alternatives were proposed to her."

The Department of State, Bureau of Elections, notified appellant of the recall petition by letter, indicating that the Board would meet to conduct a "Clarity-Factual Hearing" on April 5, 2018. The parties do not dispute that the Board did not hold the planned hearing on April 5, 2018, and that the Board's failure to conduct the hearing constituted "a determination that each reason for the recall stated in the petition is factual and of sufficient clarity to enable the officer whose recall is being sought and the electors to identify the course of conduct that is the basis for

-1-

the recall." MCL 168.951a(3). Appellant thereafter appealed the determination of the Board to this Court. See MCL 168.951a(6).

## II. ANALYSIS

Appellant challenges the Board's determination that the reason stated in the recall petition met the statutory requirements that the reason be factual and of sufficient clarity. MCL 168.951a(1)(c). Initially, we note that an elected officer whose recall is sought may appeal a determination by the Board to this Court for a determination concerning whether the reasons stated in the petition are factual and of sufficient clarity. See MCL 168.951a(6). Resolution of this appeal involves a question of statutory construction, which this Court reviews de novo. *Hastings Mut Ins Co v Grange Ins Co of Mich*, 319 Mich App 579, 583; 903 NW2d 400 (2017).

The right to recall an elected official is reserved to the voters of this state by our state constitution. See Const 1963, art 2, § 8. In that regard, our Legislature enacted MCL 168.951a, applicable to the attempted recall of a county official other than a county commissioner. See MCL 168.951a(1) and MCL 168.959. At the times relevant to the appeal, MCL 168.951a(1)[1] provided:

> (1) A petition for the recall of an officer listed in section 959 [MCL 168.959] shall meet all of the following requirements:
>
> (a) Comply with section 544(c)(1) and (2) [MCL 168.544c(1) and (2)].
>
> (b) Be printed.
>
> (c) State factually and clearly each reason for the recall. Each reason for the recall shall be based upon the officer's conduct during his or her current term of office. The reason for the recall may be typewritten. If any reason for the recall is based on the officer's conduct in connection with specific legislation, the reason for the recall shall not misrepresent the content of the specific legislation.
>
> (d) Contain a certificate of the circulator. The certificate of the circulator may be printed on the reverse side of the petition.
>
> (e) Be in a form prescribed by the secretary of state.

Before a petition for recall may be circulated, the petition must be submitted to the Board. MCL 168.951a(2). The Board must then meet and "determine . . . whether each reason for the recall stated in the petition is factual and of sufficient clarity to enable the officer whose recall is sought and the electors to identify the course of conduct that is the basis for the recall." MCL 168.951a(3). If the Board determines that "any reason for the recall is not factual or of sufficient clarity," it must reject the entire petition. MCL 168.951a(3).

---

[1] MCL 168.951a was amended by 2018 PA 190, effective June 20, 2018.

In this case, the Board did not meet on the date scheduled to consider whether appellee's petition met the statutory criteria. The Board's failure to meet therefore constituted "a determination" by the Board "that each reason for the recall stated in the petition is factual and of sufficient clarity to enable the officer whose recall is being sought and the electors to identify the course of conduct that is the basis for the recall." MCL 168.951a(3). Appellant challenges whether the petition meets the requirements of MCL 168.951a(1)(c) that the petition "[s]tate factually and clearly each reason for the recall." Specifically, she argues that appellee's stated ground for recall is not factual because he misstates her record, and the term "factual" as used in the statute must be understood to require that the petition be truthful.[2] In response, appellee contends that the reason stated in the recall petition is factually accurate.

We have previously held that Const 1963, art 2, § 8, reserving to the voters the right to recall an elected official, "was intended to preclude judicial or administrative review of the substantive merit of the reasons alleged in a recall petition," while recognizing the statutory requirement that a recall petition must clearly state the reason for the recall attempt, which is subject to judicial review. *In re Wayne Co Election Comm*, 150 Mich App 427, 437; 388 NW2d 707 (1986). Before the enactment of 2012 PA 417, which added MCL 168.951a and amended MCL 168.952, this Court was tasked with determining the "clarity" of recall petitions, and we noted that our review was limited in scope:

> The standard of review for clarity of recall petitions has been described as both "lenient," and "very lenient." "Thus, recall review by the courts should be very, very limited." A meticulous and detailed statement of the charges against an officeholder is not required. It is sufficient if an officeholder is apprised of the course of conduct in office that is the basis of the recall drive, so that a defense can be mounted regarding that conduct. "Where the clarity of the reasons stated in the petition is a close question, doubt should be resolved in favor of the individual formulating the petition." [*Dimas v Macomb Co Election Comm*, 248 Mich App 624, 627-628; 639 NW2d 850 (2001) (citations omitted).]

We held that under the version of MCL 168.952 then in effect that whether the statements in a petition are true is not a proper consideration for rejecting the petition on grounds of clarity because such a determination is a political question that must be left to the electors under Const 1963, art 2, § 8. *Donigan v Oakland Co Election Comm*, 279 Mich App 80, 83-84; 755 NW2d 209 (2008) (discussing MCL 169.952 before the enactment of 2012 PA 417).

---

[2] Appellant also asserts, in conclusory fashion and without citation to supporting legal authority, that this Court must interpret MCL 168.951a(1)(c) to require truthful statements because to do otherwise would constitute an unconstitutional taking of her property right to continue in office. It is well settled that political officers have no property rights in their offices. See *Detroit v Div 26 of the Amalgamated Assoc*, 332 Mich 237, 251; 51 NW2d 228 (1952). It is equally well settled that when a party merely announces her position and fails to cite any supporting legal authority, the issue is deemed abandoned. *Southfield Ed Ass'n v Bd of Ed of Southfield Pub Sch*, 320 Mich App 353, 379; 909 NW2d 1 (2017).

Our Legislature has since enacted 2012 PA 417, adding MCL 168.951a, which requires a recall petition to state "factually and clearly each reason for recall." If the Board determines that "any reason for the recall is not factual or of sufficient clarity," it must reject the entire petition. MCL 168.951a(3). Upon appeal to this Court, this Court is charged with determining "whether each reason [stated in the recall petition] is factual and of sufficient clarity." MCL 168.951a(6). Accordingly, we now consider whether the addition of the terms "factually" and "factual" to the requirement of clarity altered the scope of the determination by this Court to include a determination of "truthfulness."

When construing a statute, our primary task is to discern and give effect to the intent of the Legislature. *Coldwater v Consumers Energy Co*, 500 Mich 158, 167; 895 NW2d 154 (2017). We begin by examining the language of the statute as the most reliable evidence of the intent of the Legislature, and give the language of the statute its plain and ordinary meaning. *Tomra of North America v Dep't of Treasury*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket Nos. 336871, 337663); slip op at 4. If the language is unambiguous, we will conclude that the Legislature intended the meaning clearly expressed and will enforce the statute as written. *Coldwater*, 500 Mich at 167, citing *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999).

In ordinary usage, the word "factual" can mean "restricted to or based on fact," while the word "fact" can be understood to mean "an actual occurrence" and "a piece of information presented as having objective reality." *Merriam Webster's Collegiate Dictionary* (11th ed). When read in the context of the statute as a whole, the plainest construction is that the Legislature included the terms "factual" and "factually" in MCL 168.951a to ensure that the grounds set forth in a recall petition are stated in terms of a factual occurrence. That is, the ground for recall must be stated in the form of a factual assertion about the official's conduct that the proponent believes warrants the recall. The language of MCL 168.951a does not specify, however, that the reason for the recall stated in the petition must be truthful.

Our state constitution provides that "[t]he sufficiency of any statement of reasons or grounds procedurally required shall be a political rather than a judicial question." Const 1963, art 2, § 8. An assessment of the accuracy or truthfulness of a factual assertion is an inquiry into the sufficiency of the reason stated in support of recall; our Constitution plainly reserves that assessment to the electors, and the Legislature could not in any event remove that right from them. *Donigan*, 279 Mich App at 84, citing *Meyers v Patchkowski*, 216 Mich App 513, 518; 549 NW2d 602 (1996). We therefore conclude that the terms "factually" and "factual," as used in MCL 168.951a, require the reason stated in the recall petition to be in the form of a factual assertion, but does not confer upon the Board or upon this Court the task of determining the truthfulness of the statement. See Const 1963, art 2, § 8; *Donigan*, 279 Mich App at 84.[3]

---

[3] Left as an open question by our ruling in this case is whether the statutory requirement that the stated reason or reasons for recall be "factual" is an unconstitutional limitation on the people's right to recall elected officials. This is a question worth pondering in light of the requirement of Const 1963, art 2, § 8 that the sufficiency of the reasons or grounds stated in a recall petition

In his petition, appellee stated that appellant "elected to undertake the broadest scopes of work and most expensive options proposed by her engineers for each project assessed during her current term in office, when less expensive alternatives were proposed to her." Regardless of whether this is true or false, this is a clearly-stated factual assertion. Because the statement is factually and clearly stated, the petition meets the requirements of MCL 168.951a(1)(c). If the petition garners the requisite support, it will be for the electorate to determine whether the assertion is actually true and warrants recall. See *Donigan*, 279 Mich App at 84-85.

Affirmed.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Kathleen Jansen

---

shall be a political rather than a judicial question. As appellee fails to raise this issue, we decline to address it.