*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GOVERNOR GRETCHEN WHITMER,

      Appellant,

v

BOARD OF STATE CANVASSERS and CHAD BAASE,

      Appellees.

UNPUBLISHED
December 3, 2020

No. 353878
Board of State Canvassers

Before: MURRAY, C.J., and K. F. KELLY and STEPHENS, JJ.

PER CURIAM.

Appellant, Governor Gretchen Whitmer, appeals by right the June 8, 2020 decision of appellee Board of State Canvassers, certifying the petition of appellee Chad Baase, who sought approval of a petition to recall appellant. We affirm.

## I. FACTUAL BACKGROUND

On May 29, 2020, Baase submitted a recall petition for the Board to determine whether its language was clear and factual. The petition provided that registered and qualified voters petitioned to recall the officer "GRETCHEN WHITMER" from the office of "GOVERNOR . . . ." The petition then stated the reasons for seeking the recall:

For signing Executive Order 2020-04, Declaration of State of Emergency, on March 10, 2020; For signing Executive Order 2020-17, Temporary restrictions on non-essential medical and dental procedures, on March 20, 2020; For signing Executive Order 2020-21, Temporary requirement to suspend activities that are not necessary to sustain or protect life, on March 23, 2020; For signing Executive Order 2020-32, Temporary restrictions on nonessential veterinary services, on March 30, 2020; For signing Executive Order 2020-33, Expanded emergency and disaster declaration, on April 1, 2020; For signing Executive Order 2020-42, Temporary requirement to suspend activities that are not necessary to sustain or protect life–Rescission of Executive Order 2020-21, on April 9, 2020; For signing Executive Order 2020-67, Declaration of state of emergency under the Emergency Powers of

the Governor Act, 1945 PA 302, on April 30, 2020; For Signing Executive Order 2020-68, Declaration of states of emergency and disaster under the Emergency Management Act, 1976 PA 390, on April 30, 2020; For signing Executive Order 2020-92, Temporary requirement to suspend certain activities that are not necessary to sustain or protect life–Rescission of Executive Orders 2020-77 and 2020-90, on May 18, 2020.

At the hearing, appellant argued that the petition was not sufficiently clear because it did not identify appellant in the petition's reasons section, it contained a long run-on sentence, and its descriptions of the orders were vague, ambiguous, and did not include the exceptions or exemptions in the executive orders. The Board determined that the petition factually and clearly stated the reasons for recall.

## II. ANALYSIS

This Court reviews de novo the Board's determination that the language of a recall petition meets statutory requirements, because resolving the issue involves questions of statutory construction, which this Court also reviews de novo. *Hooker v Moore*, 326 Mich App 552, 555; 928 NW2d 287 (2018). "Each elective officer, except a judicial officer, is subject to recall by the voters . . . ." MCL 168.951(1). See Const 1963, art 2, § 8. A recall petition must be submitted to the Board before it may be circulated. MCL 168.951a(2). The Board must determine whether each reason stated in the petition is factual and sufficiently clear "to enable the officer whose recall is sought and the electors to identify the course of conduct that is the basis for the recall." MCL 168.951a(3).

First, appellant argues that the Board applied an incorrect standard by giving Baase's petition the benefit of the doubt when it determined whether the reasons for the recall were sufficiently clear. However, we have said that "[d]oubt as to clarity should be resolved in favor of the proponents of the recall. . . . [T]he standard of review for clarity of statement is very lenient." *Donigan v Oakland Co Election Comm*, 279 Mich App 80, 84; 755 NW2d 209 (2008) (quotation marks and citations omitted). Thus, the Board's apparent acceptance of a Board member's opinion that the Board "should give the benefit of the doubt to [Baase]," and that the voters would be able to understand the petition because it was "factually clear," was not the application of an incorrect standard.

Second, we also reject appellant's argument that the recall petition was not sufficiently clear because it did not separately identify appellant as the official to be recalled in the reasons area of the petition, and that the Board exceeded its power of review by considering the petition's heading. As outlined below, the Board's review is not as narrowly prescribed as appellant suggests.

A petition for recall must "[b]e in the form prescribed by the secretary of state." MCL 168.951a(1)(e). "Each reason for the recall must be based upon the officer's conduct during his or her current term of office. . . ." MCL 168.951a(1)(c). MCL 168.951a(3) provides in pertinent part that the Board "shall determine . . . whether each reason for the recall stated in the petition is factual and of sufficient clarity to enable the officer whose recall is sought and the electors to identify the course of conduct that is the basis for the recall."

Baase used the petition form, approved by the Director of Elections, in which the electors petition for the recall of an officer from an office for stated reasons. The Board's duty is to determine whether the electors and officer can identify the course of conduct that forms the basis of the recall, and the petition form identifies the name and title of the officer. Nothing within MCL 168.951a(3) precludes the Board from considering the information before the word "reason(s)" when deciding whether the reasons for recall are clear. Electors will read the entire sentence, which includes the officer's name and title. The Board did not err by considering the entire form when approving the petition.

Third, appellant argues that the recall petition was not clear because the body of the petition was a run-on sentence that was ungrammatical, confusing, and difficult to parse. Appellant also argues that individual clauses in the recall petition were unclear because the summary statements were confusing and contained ambiguous words. Again, we disagree.

This Court exercises judicial restraint when reviewing the clarity of recall petitions because the Michigan Constitution reserves the power of recall to the people, and laypersons often draft recall petitions. *Donigan*, 279 Mich App at 84. We do not "require meticulous and technically detailed statements of the charges in recall petitions" because it would usurp the power of the people. *Id*. at 85 (quotation marks and citations omitted). A petition is sufficiently clear if it allows the officer and electors to identify the petition's charges. *Id*. at 83. Again, questions of clarity should be resolved in favor of the petitioner. *Id*. at 84.

Accepting for the sake of argument that Baase's petition is ungrammatical, the law does not require a petition to be drafted with perfect grammar; the law only requires the petition to be *sufficiently* clear. The reasons for recall were that appellant signed nine executive orders, each of which was identified by its order number and a brief summary. While appellant argues that the word "activities," which was contained in one order summary, is ambiguous because an activity may encompass many things, the charge was not that appellant engaged in activities—it was that she signed executive orders. The word "activities" in Baase's description of an executive order was contained in the title of that order. See Executive Order No. 2020-42. The Board did not err when it declined to reject Baase's petition on the basis that its technical execution was not perfect.

Fourth, appellant argues that the petition misrepresented the executive orders because the summary statements did not describe the orders' exceptions and exemptions. We reject this argument because the petition's descriptions of the orders were not false or misleading.

Whether a statute applies in a certain case is an issue of statutory interpretation. *In re Forfeiture of $176,598*, 465 Mich 382, 385; 633 NW2d 367 (2001). When interpreting a statute, this Court's goal is to give effect to the intent of the Legislature. *US Fidelity & Guaranty Co v Mich Catastrophic Claims Ass'n (On Rehearing)*, 484 Mich 1, 13; 795 NW2d 101 (2009). We may consult a dictionary definition to determine the commonly understood meaning of undefined terms. See *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 526; 697 NW2d 895 (2005).

MCL 168.951a(1)(c) provides in pertinent part: "If any reason for the recall is based on the officer's conduct in connection with specific legislation, the reason for the recall must not misrepresent the content of the specific legislation." To misrepresent is "to give a false or misleading representation." *Merriam-Webster's Collegiate Dictionary* (11th ed).

We hold that MCL 168.951a(1)(c) does not apply to the executive order descriptions because they are not legislation.[1]  Additionally, even if that statutory provision did apply, comparing Baase's petition to the executive orders, his descriptions of the executive orders provide the headings that appear on the orders themselves.  See Executive Order No. 2020-04; Executive Order No. 2020-17; Executive Order No. 2020-21; Executive Order No. 2020-32; Executive Order No. 2020-33l; Executive Order No. 2020-42 (including "Rescission of Executive Order 2020-21" in its title); Executive Order No. 2020-67; Executive Order No. 2020-68; Executive Order No. 2020-92 (including "Rescission of Executive Orders 2020-77 and 2020-90" in its title). Baase's summaries are appellant's own summaries of the contents of the orders.  While Baase's summaries do not include all possible exceptions and exemptions, his descriptions were not false or misleading.[2]

Affirmed.


/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ Cynthia Diane Stephens

---

[1]  Although certain limited executive orders effectively become legislation when the Legislature does not timely object, *Aguirre v Michigan*, 315 Mich App 706, 715 n 4; 891 NW2d 516 (2016), those are limited to executive orders transferring powers between executive branch departments, or creating new departments.  Const 1963, art 5, § 2.  See *Mich Mut Ins Co v Dir, Dep't of Consumer and Indus Servs*, 246 Mich App 227, 236-237; 632 NW2d 500 (2001).  The listed executive orders did not transfer statutory duties amongst executive departments, and were not issued pursuant to Const 1963, art 5, § 2.

[2] Because we have rejected appellant's arguments on the merits, we decline to address the Board's alternative reasons to affirm.